| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: _____ District of Delaware (State) | |
| Case number (*If known*): _____ Chapter 11 | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
Village Roadshow Productions (BVI) Ltd

2. **All other names debtor used in the last 8 years**  
N/A  
Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
N/A  
__ __ – __ __ __ __ __ __ __

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 750 N. San Vicente Blvd. | |
| Number    Street | Number    Street |
| Suite 800 West | |
| | P.O. Box |
| West Hollywood    CA    90069 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Los Angeles | |
| County | Number    Street |
| | |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)   https://www.vreg.com/

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor   Village Roadshow Productions (BVI) Ltd _____     Case number (*if known*)_____
         Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 5121 |

| | | |
|---|---|---|
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☒ Chapter 11. *Check **all** that apply*: |
| | | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | | ☐ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No |
| | | ☐ Yes.  District _____  When _____  Case number _____ |
| | |                                                MM / DD / YYYY |
| | |        District _____  When _____  Case number _____ |
| | |                                                MM / DD / YYYY |

Debtor  Village Roadshow Productions (BVI) Ltd _____    Case number (*if known*)_____
        Name

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes.  Debtor  See Schedule 1<br>           District  Delaware<br>           Case number, if known  _____ | Relationship  See Schedule 1<br>When  _____<br>       MM / DD / YYYY |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
        Number      Street

    _____
    _____    _____  _____
    City                                                    State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
            Contact name _____
            Phone _____

---

**Statistical and administrative information** on a consolidated basis

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Official Form 201                        Voluntary Petition for Non-Individuals Filing for Bankruptcy                    **page 3**

Debtor  Village Roadshow Productions (BVI) Ltd  Case number (if known) _____
        Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/17/2025
            MM / DD / YYYY

✘ /s/ Keith Maib                              Keith Maib
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✘ /s/ Joseph M. Mulvihill                     Date  03/17/2025
Signature of attorney for debtor                    MM / DD / YYYY

Joseph M. Mulvihill
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

Rodney Square, 1000 N. King Street
Number     Street

Wilmington                                    DE          19801
City                                          State       ZIP Code

(302) 571-6600                                jmulvihill@ycst.com
Contact phone                                 Email address

6061                                          DE
Bar number                                    State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

## Schedule 1

Pending Bankruptcy Cases Filed by the Affiliated Debtors

| COMPANY |
|---|
| Crescent Film Holdings Limited |
| Village Roadshow Distribution (BVI) Limited |
| Village Roadshow Distribution Pty Ltd |
| Village Roadshow Distribution UK Limited |
| Village Roadshow Distribution USA Inc. |
| Village Roadshow Entertainment Group (BVI) Limited |
| Village Roadshow Entertainment Group Asia Limited |
| Village Roadshow Entertainment Group USA Inc. |
| Village Roadshow Film Administration Management Pty Ltd |
| Village Roadshow Films (BVI) Limited |
| Village Roadshow Films Global Inc. |
| Village Roadshow Films North America Inc. |
| Village Roadshow Holdings USA Inc. |
| Village Roadshow Pictures Entertainment Inc. |
| Village Roadshow Pictures North America Inc. |
| Village Roadshow Productions (BVI) Ltd |
| Village Roadshow Productions Inc. |
| Village Roadshow VS Films LLC |
| VR DTE Distribution USA Inc. |
| VR DTE Productions Limited |
| VR Films Holdings (BVI) Limited |
| VR Funding LLC |
| VR Zoo Distribution USA Inc. |
| VR Zoo Productions Ltd |
| VREG Films Ltd |
| VREG Funding LLC |
| VREG IP Global LLC |
| VREG J2 Global LLC |
| VREG MM2 IP Global LLC |
| VREG OP Global LLC |
| VREG Production Services Inc. |
| VREG Television Inc. |
| VREG Wonka IP Global LLC |
| VREG WW IP Global LLC |

# RESOLUTIONS OF THE BOARD OF DIRECTORS OF
# VILLAGE ROADSHOW PRODUCTIONS (BVI) LIMITED

March 16, 2025

Effective as of the 16th day of March, 2025, the members of the board of directors (collectively, the "Board") of Village Roadshow Productions (BVI) Limited (the "Company"), a limited liability company incorporated in the British Virgin Islands, pursuant to the Company's Amended and Restated Memorandum of Association and Articles of Association, as adopted on October 17, 2014 (together, the "Articles of Association") and the BVI Business Companies Act, 2004, as amended ("BVI Act"), hereby adopt, ratify, confirm and approve the following resolutions:

WHEREAS, the Company has been experiencing severe financial distress and the Board has previously reviewed, considered, and discussed certain materials presented by the management of the Company ("Management") and the Company's financial, legal and other advisors (the "Advisors"), including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business and operations, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, based on such review, advice and analysis, the Board has determined to seek the protections provided under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code").

## I. Chapter 11 Filing

NOW THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

RESOLVED FURTHER, that Keith Maib, the Company's Chief Restructuring Officer, and any other duly appointed officer of the Company as well as any designee and delegate of any duly appointed officer of the Company (each, an "Authorized Person," and collectively, the "Authorized Persons") are each hereby authorized and appointed to act as signatory on behalf of the Company in respect of the filing of the Bankruptcy Petition and related matters contemplated by these Resolutions, and each Authorized Person acting alone or with one or more other Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all agreements, certificates, petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all actions that they deem necessary, appropriate, or desirable to obtain such relief,

including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's businesses.

**II.** **Retention of Professionals**

RESOLVED FURTHER, that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to employ: (i) Sheppard Mullin, Richter & Hampton LLP as general bankruptcy counsel; (ii) Young, Conaway, Stargatt & Taylor LLP as local bankruptcy counsel; (iii) Kirkland & Ellis LLP as special litigation counsel; (iv) Accordion Partners, LLC as financial advisor and restructuring advisor; (v) SOLIC Capital Advisors, LLC as investment banker; (vi) Kurtzman Carson Consultants, LLC dba Verita Global as the Company's notice, claims, and ballot agent; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any other applicable law; and in connection therewith, the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

RESOLVED FURTHER, that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to execute and file all agreements, certificates, petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these Resolutions.

**III.** **Debtor-in-Possession Financing**

WHEREAS, to facilitate the Company's ongoing operations during the Company's bankruptcy proceedings, the Company will obtain benefits from (a) the incurrence of debtor-in-possession financing obligations (the "DIP Financing"); and (b) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the secured lenders on the DIP Financing (the "DIP Lenders");

WHEREAS, in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, it is contemplated that the Company will provide certain liens, claims, and other adequate protection to the DIP Lenders (the "DIP Obligations"), as documented in proposed interim and final orders (collectively, the "DIP Orders") to be submitted for approval to the Bankruptcy Court; and

WHEREAS, it is contemplated that the Company and certain affiliates of the Company will enter into that certain Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement," and together with any related ancillary documents, the "DIP Facility Documents");

NOW THEREFORE, BE IT RESOLVED, that the Authorized Persons be, and each of them individually hereby is, acting alone, authorized and empowered to execute and deliver for and on behalf of the Company, the DIP Facility Documents, with any changes or modifications as may be approved by the Authorized Person executing the same, the authority of such Authorized Person so to act to be conclusively evidenced by such Authorized Person's execution thereof, and that any action heretofore taken in connection therewith by any Authorized Person is hereby approved, adopted, ratified and confirmed;

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Orders to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Persons be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders, the DIP Facility Documents, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company or any subsidiary thereof will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders and DIP Facility Documents, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons as the Authorized Persons shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

RESOLVED FURTHER, that the Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed and empowered, and each of them acting alone hereby is, authorized, directed, and empowered in the name and on behalf of the Company to take such actions as in their discretion determined to be necessary, desirable or appropriate and execute the DIP Transactions, including delivery of the DIP Documents and all other instruments, certificates, notices, assignments and documents related thereto;

RESOLVED FURTHER, that each of the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of and on behalf of the Company to file, or cause to be filed, any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any

necessary assignments for security or other documents in the name of the Company that may be necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of such other filings in respect of intellectual and other property of the Company;

RESOLVED FURTHER, that each of the Authorized Persons be, and hereby is, authorized, directed and empowered in the name of and on behalf of the Company to take any of the following actions from time to time:

1. Grant security interests and liens in any real, personal or other property belonging to or under the control of the Company as security for the DIP Documents; and to execute and deliver any and all security agreements, pledges, mortgages, deeds of trust and other security instruments and other documents to effectuate the grant of such security interests and liens, which security instruments and other documents shall be in such form and content as an Authorized Person executing such security instruments and other documents shall approve (which approval shall be evidenced by the execution and delivery of such security instruments and other documents);

2. Waive on behalf of the Company, and in any agreement, instrument or document executed by the Company, any and all rights of the Company to require any lenders or agents under the DIP Documents to adhere to certain processes, including, without limitation, the right to a jury trial in an action or suit against such agents and/or lenders; and

3. Transact any other business with such agents and/or lenders incidental to the powers hereinabove granted; and

RESOLVED FURTHER, that each of the Authorized Persons be, and hereby is, authorized, directed and empowered in the name of and on behalf of the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall, in their sole judgement be necessary, desirable, proper or advisable and reasonable to perform any of the Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### IV. The Stalking Horse APA

RESOLVED FURTHER, that it is in the best interest of the Company to enter into the proposed Purchase Agreement (together, with all exhibits, schedules, and other attachments thereto or incorporated therein by reference, the "Stalking Horse APA"), by

and between CP Ventura LLC, as buyer (the "Stalking Horse Bidder"), and the Company, Village Roadshow Entertainment Group (BVI) Limited, Village Roadshow Films (BVI) Limited, Village Roadshow Films North America Inc., Village Roadshow Films Global Inc., Village Roadshow VS Films LLC, Village Roadshow Distribution (BVI) Limited, Village Roadshow Distribution USA Inc., Village Roadshow Pictures North America Inc., VR Funding LLC, and VR Films Holdings (BVI) Limited, as sellers, on the terms and conditions substantially similar to those set forth in the form of Stalking Horse APA;

RESOLVED FURTHER, that the form, terms, and provisions of the Stalking Horse APA, and any other agreements, instruments, documents, or certificates required to effect the purposes of the Stalking Horse APA, are authorized and approved, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the Company;

RESOLVED FURTHER, that each Authorized Officer be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the Company to enter into, execute, and deliver the Stalking Horse APA with the Stalking Horse Bidder, subject to the Company receiving higher or otherwise better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and

RESOLVED FURTHER, that each Authorized Officer be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the Company to execute and file all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sale of certain or all of the assets of the Company pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "Section 363 Sales"), and to take any and all action that they deem necessary, appropriate, advisable, or desirable to effect the Section 363 Sales, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval and determination thereof by the Authorized Officers and the Company.

V.   **General Authorizations**

RESOLVED FURTHER, that the Company hereby authorizes any affiliate of the Company or any entity of which the Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these Resolutions or any of the actions authorized in these Resolutions with respect to the Company, and none of the Resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary, affiliate, or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons be, and hereby is,

authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

RESOLVED FURTHER, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the Resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by these Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board;

RESOLVED FURTHER, that each of the Authorized Persons be and hereby is, authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Company with respect to the transactions contemplated by these Resolutions as such Authorized Person shall deem necessary, appropriate, or desirable in such Authorized Person's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated in these Resolutions; and

RESOLVED FURTHER, that these Resolutions, adopted by unanimous written consent, may be executed and delivered in any number of counterparts (including by facsimile or email with scanned attachment) and, upon such execution and delivery, such counterparts shall have the same force and effect as an original and together shall constitute one and the same instrument.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Village Roadshow Productions (BVI) Limited, hereby consent to, approve, and adopt the foregoing resolutions as of the date first set forth above.

_____
Kevin Berg

_____
Nicholas Messum

_____
Ted Francis

_____
Adam Rhodes

[Signature Page to VRP (BVI) Board Resolutions]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) ) Chapter 11 ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. [●] ) ) (Joint Administration Requested) |
| Debtors. | ) ) |

**CONSOLIDATED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY INTEREST HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

1. Vine Media Opportunities – Fund III-A, LP owns approximately 47.07% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited.

2. 1397225 Ontario Limited owns approximately 15.2% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited.

3. Vine Media Opportunities – Fund III, LP owns approximately 13.49% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited.

4. Falcon Strategic Partners IV, LP owns approximately 12.83% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited.

5. Each of the Debtors, other than Village Roadshow Entertainment Group (BVI) Limited, is 100% owned, either directly or indirectly, by Village Roadshow Entertainment Group (BVI) Limited.

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

-2-

6.       A list of Village Roadshow Entertainment Group (BVI) Limited's equity interest holders and their addresses is attached hereto as **Exhibit A**.

## Exhibit A

**List of Village Roadshow Entertainment Group (BVI) Limited's Equity Interest Holders**

**Exhibit A**

**List of Village Roadshow Entertainment Group (BVI) Limited's Equity Interest Holders**

| Shareholder Name | Shareholder Address | Equity Shares | Ownership Percentage |
|---|---|---|---|
| Vine Media Opportunities - Fund III-A, LP | 251 Little Falls Drive<br>Wilmington, Delaware 19808 | 28,244,152 | 47.074% |
| 1397225 Ontario Limited | 5650 Yonge Street<br>Toronto A6 M2M 4H5 | 9,132,271 | 15.220% |
| Vine Media Opportunities – Fund III, LP | 251 Little Falls Drive<br>Wilmington, Delaware 19808 | 8,096,655 | 13.494% |
| Falcon Strategic Partners IV, LP | 600 Lexington Avenue, 20th Floor New York, New York, 10022 | 7,698,731 | 12.832% |
| Vine Media Opportunities – Fund III-B, LP | 251 Little Falls Drive<br>Wilmington, Delaware 19808 | 4,236,607 | 7.061% |
| Village Roadshow Pictures International Pty Ltd | 500 Chapel Street, Level 1<br>South Yarra Victoria 3141<br>Australia<br>Attention: Melissa Hennessy, General Counsel<br>Email: melissa_hennessy@vrl.com.au | 1,500,000 | 2.500% |
| Vine WestCon SPV, LP | 810 Seventh Avenue, Suite 802<br>New York, New York 10019 | 1,091,584 | 1.819% |

**Fill in this information to identify the case:**

Debtor name: Village Roadshow Entertainment Group USA Inc., et al.

United States Bankruptcy Court for the District of Delaware

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders** 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WARNER BROS. ENTERTAINMENT INC. ATTN WAYNE SMITH 4000 WARNER BLVD BURBANK, CA 91522 | ATTN WAYNE SMITH EMAIL: WAYNE.SMITH@WARNERBROS.COM | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNKNOWN |
| 2 | KIRKLAND & ELLIS LLP MARK C. HOLSCHER, P.C. 555 FLOWER STREET SUITE 3700 LOS ANGELES, CA 90071 | MARK C. HOLSCHER, P.C. PHONE: (213) 680-8400 EMAIL: MARK.HOLSCHER@KIRKLAND.COM | PROFESSIONAL SERVICES | | | | $ 11,355,486.86 |
| 3 | WRITERS GUILD OF AMERICA WEST KRISTY CHRISTOVICH 700 WEST THIRD STREET LOS ANGELES, CA 90048 | KRISTY CHRISTOVICH PHONE: (323) 951-4000 FAX: (323) 782-4800 EMAIL: KCHRISTOVICH@WGA.ORG | DEVELOPMENT COSTS | | | | $ 1,413,380.25 |
| 4 | MOONSHOT ENTERTAINMENT INC. F/S/O BRYAN CRANSTON C/O UTA ATTN: MATT RICE 9336 CIVIC CENTER DRIVE BEVERLY HILLS, CA 90210, CA 90210 | C/O UTA PHONE: (310) 273-6700 | DEVELOPMENT COSTS | | | | $ 794,167.00 |
| 5 | 10100 SANTA MONICA BLVD. ATTN: CHASE ANDERSON 10100 SANTA MONICA BLVD, SUITE 180 LOS ANGELES, CA 90067 | ATTN: CHASE ANDERSON PHONE: (310) 552-0705 EMAIL: CHASE.ANDERSON@HINES.COM | LANDLORD | | | | $ 681,474.85 |
| 6 | MILBANK SEAN MCMILLON 55 HUDSON YARDS NEW YORK, NY 10001-2163 | SEAN MCMILLON PHONE: (212) 530-5803 EMAIL: SMCMILLON@MILBANK.COM | PROFESSIONAL SERVICES | | | | $ 399,973.00 |
| 7 | CONTENT CARTEL LLC C/O RYAN POWERS, ATTORNEY AT LAW 5807 FAYETTE STREET LOS ANGELES, CA 90042 | C/O RYAN POWERS, ATTORNEY AT LAW PHONE: (323) 693-9173 EMAIL: RYAN@RYANPOWERSLAW.COM | DEVELOPMENT COSTS | | | | $ 359,091.00 |
| 8 | EP ABSO LLC C/O SLOANE, OFFER, WEBER, AND DERN LLP ATTN: MARK WETZSTEIN 10100 SANTA MONICA BLVD., SUITE 750 LOS ANGELES, CA 90067 | C/O SLOANE, OFFER, WEBER, AND DERN LLP PHONE: (310) 248-5100 EMAIL: MARK@SOWDLLP.COM | DEVELOPMENT COSTS | | | | $ 319,000.00 |
| 9 | MCGUFFIN ENTERTAINMENT MEDIA, INC. C/O UTA C/O GLASER WEIL FINK HOWARD AVCHEN & SHAPIRIO LLP ATTN: DOUGLAS STONE 10250 CONSTELLATION BLVD., 19TH FLOOR LOS ANGELES, CA 90067 | C/O GLASER WEIL FINK HOWARD AVCHEN & SHAPIRIO LLP PHONE: (310) 556-7820 EMAIL: DSTONE@GLASERWEIL.COM | DEVELOPMENT COSTS | | | | $ 300,000.00 |
| 10 | SONY PICTURES TELEVISION INC. MATTHEW BICKELL 10202 WEST WASHINGTON BLVD. NORMAN LEAR BUILDING, 3RD FLOOR CULVER CITY, CA 90232 | MATTHEW BICKELL PHONE: (310) 244-6932 EMAIL: MATTHEW_BICKELL@SPE.COM | DEVELOPMENT COSTS | | | | $ 250,000.00 |
| 11 | WEIL GOTSHAL & MANGES LLP 767 FIFTH AVENUE NEW YORK, NY 10153 | PHONE: (212) 310-8000 EMAIL: FRANK.NOCCO@WEIL.COM | PROFESSIONAL SERVICES | | | | $ 231,442.00 |
| 12 | THREE RIVERS ENTERTAINMENT F/S/O DAVID HOLLANDER C/O HANSEN, JACOBSON, TELLER, HOBERMAN ATTN: ADAM KALLER AND DUNCAN HEDGES 450 NORTH ROXBURY DRIVE, SUITE 800 BEVERLY HIILS, CA 90210 | C/O HANSEN, JACOBSON, TELLER, HOBERMAN PHONE: (310) 271-8777 EMAIL: AK@HJTH.COM | DEVELOPMENT COSTS | CONTINGENT | | | $ 200,000.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | SIGNPOST UP AHEAD, INC. F/S/O JILL BLOTEVOGEL<br>F/S/O JILL BLOTEVOGEL<br>C/O AGENCY FOR THE PERFORMING ARTS<br>10585 SANTA MONICA BLVD.<br>LOS ANGELES, CA 90025 | F/S/O JILL BLOTEVOGEL<br>EMAIL: LHOWARD@INDEPENDENTARTISTGROUP.COM | DEVELOPMENT COSTS | CONTINGENT | | | $ 171,000.00 |
| 14 | WGA HEALTH FUND CONTRIBTUION<br>DEPT. LA 25102<br>PASADENA, CA 91185-5102 | PHONE: (818) 846-1015<br>EMAIL: KCHRISTOVICH@WGA.ORG | DEVELOPMENT COSTS | CONTINGENT | | | $ 127,458.12 |
| 15 | KATZNER PICTURES F/S/O OREN MOVERMAN<br>OREN MOVERMAN<br>16 WEST 16TH STREET, APT. 12AN<br>NEW YORK, NY 10011 | OREN MOVERMAN<br>EMAIL: RMARCUS@MINDSPRING.COM | DEVELOPMENT COSTS | CONTINGENT | | | $ 125,000.00 |
| 16 | KUBIER ENTERTAINMENT F/S/O KAREN CRONER<br>ATTN: JEFF OKIN<br>C/O ANONYMOUS CONTENT<br>8501 WASHINGTON BLVD.<br>CULVER CITY, CA 90232 | ATTN: JEFF OKIN<br>EMAIL: JOKIN@ANONYMOUSCONTENT.COM | DEVELOPMENT COSTS | CONTINGENT | | | $ 105,000.00 |
| 17 | PWGA PENSION FUND<br>DEPT. LA 25083<br>PASADENA, CA 91185-5085 | PHONE: (818) 846-1015<br>EMAIL: KCHRISTOVICH@WGA.ORG | DEVELOPMENT COSTS | CONTINGENT | | | $ 103,320.03 |
| 18 | BLACKBIRD FILMS F/S/O ADAM SMALL<br>C/O BRECHEN FELDMAN BREIMER SILVER & THOMPSON, LLP<br>ATTN: ARIELA MOSKOWITZ<br>1875 CENTURY PARK EAST, SUITE 1770<br>LOS ANGELES, CA 90067 | C/O BRECHEN FELDMAN BREIMER SILVER & THOMPSON, LLP<br>EMAIL: ARIELA@BFBST.COM | DEVELOPMENT COSTS | CONTINGENT | | | $ 80,000.00 |
| 19 | SAWSEE FILMS, INC. F/S/O FAX BAHR<br>C/O SURPIN, MAYERSOHN & COGHILL, LLP<br>1880 CNTURY PARK EAST, SUITE 404<br>LOS ANELES, CA 90067 | C/O SURPIN, MAYERSOHN & COGHILL, LLP<br>EMAIL: FAXBAHR@GMAIL.COM | DEVELOPMENT COSTS | CONTINGENT | | | $ 80,000.00 |
| 20 | UPPER PRESS, LLC F/S/O PATRICK CUNNANE<br>C/O CAA<br>ATTN: JON CASSIR<br>2000 AVENUE OF THE STARS<br>LOS ANGELES, CA 90067 | C/O CAA<br>PHONE: (424) 288-200<br>EMAIL: JON.CASSIR@CAA.COM | DEVELOPMENT COSTS | CONTINGENT | | | $ 78,180.00 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Village Roadshow Entertainment Group USA Inc., et al.__

United States Bankruptcy Court for the: _____  District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Consolidated Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/17/2025__           ✗ */s/ Keith Maib* _____
MM / DD / YYYY                             Signature of individual signing on behalf of debtor

                                                    Keith Maib
                                                    Printed name

                                                    Chief Restructuring Officer
                                                    Position or relationship to debtor

Official Form 202             **Declaration Under Penalty of Perjury for Non-Individual Debtors**